VANGORDEN v. THE STATE.

From the Shelby Circuit Court.

*K. M. Hord* and *A. Blair*, for appellant.

*C. A. Buskirk*, Attorney General, and *R. D. Doyle*, for the State.

BIDDLE, J.—Prosecution by indictment with two counts, one for giving, and one for selling, intoxicating liquor to

Franklin P. Conger, a minor. Conviction below, and appeal to this court.

The only question raised is as to the sufficiency of the evidence to support the finding by the court.

The witnesses testified as follows:

Franklin P. Conger: " Know the defendants; might have seen them on the 15th of July, 1873; don't remember; defendants did not give me anything to drink, that I remember of; did not give or sell to Dustin Vangorden anything to drink on that day, or any other day, that I know of."

Dustin Vangorden: " Know defendants; saw them on the 15th day of July, 1873, on public highway, near Norristown, in Shelby county, Indiana; witness and Franklin P. Conger were in buggy together, going south, and met defendant Vangorden and one Thomas Newton; they were going north in a buggy; we met; defendant Vangorden pulled a bottle out of his pocket and gave some to Franklin P. Conger, but said nothing; Conger took the bottle, but did not drink, but gave it to me, and I drank; defendant did not ask me to drink, nor did he say anything at the time; I think the liquor was blackberry wine and whiskey, mixed, but do not know certain what it was; I saw defendant Spellman same day, at Joe Mayo's, and he gave me whiskey there; did not see him on the road with defendant Vangorden, nor did I see defendant Vangorden at Mayo's. All of this was in Shelby county, Indiana."

Defendant Vangorden, being duly sworn, says: " Mr. Newton and myself were in a buggy together, on day referred to, going north, on road near Norristown, and met witnesses Dustin Vangorden and Franklin P. Conger; gave Conger bottle, which contained nothing but blackberry wine, and asked him to drink; he took the bottle and gave some to Dustin Vangorden, who drank in my presence, but not by my direction; I did not ask or invite him to drink, nor did I intend that he should drink out of my bottle; I handed said bottle out that Conger might drink, and not Vangorden; the

bottle contained nothing that would intoxicate, to my certain knowledge."

This was all the evidence given in the case. It is insufficient to support the finding. Besides being weak in several material points, there is none whatever as to the minority of Franklin P. Conger.

The judgment is reversed; cause remanded, with instructions to grant a new trial.